UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

NATALIE ANNE CARMICHAEL,   CASE NO.: 22-30282-KKS
                           CHAPTER: 13

    Debtor.
_____/

## ORDER LIFTING AUTOMATIC STAY IN PART

This chapter 13 case is before the court *sua sponte* following a conference between the undersigned and Bankruptcy Judge Henry Callaway. Judge Callaway is handling the related adversary proceeding, Adv. No. 22-3016-HAC, brought by Flip Pro FL, LLC ("Flip Pro FL"), in which Flip Pro FL contends that Debtor's alleged debt to it is nondischargeable. Judge Callaway recently held a status conference in that adversary proceeding and discussed with the parties the prepetition state court case brought by Flip Pro FL against Debtor and others.

In 2019, Flip Pro FL sued Mint Construction Project Management, LLC, Todd Fulton, and Debtor Natalie Carmichael in the Circuit Court of Sarasota County, Florida, over alleged faulty construction ("State

Court Case").¹ The claims are all based on state law. The parties undertook discovery in the State Court Case. The state court has already heard testimony and entered judgment against the two co-defendants. The State Court Case was set for trial against Debtor in May 2022, but Debtor filed this bankruptcy case on the eve of trial. The State Court Case was stayed as a result and has not gone to judgment against Debtor.

The nondischargeability adversary proceeding will be moot if the state court decides in favor of Debtor. If the state court rules against Debtor, its findings are likely to have preclusive effect in the nondischargeability case and will at least greatly simplify the issues.² In any event, the state court judge who has handled the case since 2019 and heard testimony is better suited than the bankruptcy court to determine Debtor's potential liability to Flip Pro FL.

In her answer in the adversary proceeding, Debtor has demanded a jury trial and denies that the bankruptcy court "is authorized to hear and determine all the claims set forth in the [c]omplaint."³ Handling a jury

---

¹ *Flip Pro FL, LLC v. Mint Constr. Project*, Case No. 2019-CA-1659-NC-C (Fla. 12th Cir. Ct. Mar. 26, 2019).
² *See generally Grogan v. Garner*, 498 U.S. 279 (1991).
³ *Defendant's Answer to Complaint and Demand for Jury Trial, Flip Pro FL, LLC v. Natalie Carmichael (In re Carmichael)*, Case No. 22-30282-KKS, Adv. No. 22-03016-HAC (Bankr. N.D. Fla. Nov. 22, 2022), ECF No. 15.

2

trial in bankruptcy court raises its own set of problems. Of course, there is the possibility that this chapter 13 case will be dismissed at some point, as occurred with Debtor's earlier case.[4] Allowing the state court action to proceed to judgment before moving forward with the nondischargeability adversary proceeding would maximize the efficient use of judicial resources. For the reasons set out above, it is appropriate to lift the automatic stay to allow the parties to fully litigate the State Court Case.

If the State Court Case results in a judgment against Debtor, to avoid another trial on these issues in bankruptcy court, this Court requests that the state court include in any judgment against Debtor findings on the elements of these Code sections, as outlined below:

### a. Bankruptcy Code § 523(a)(2)(A)

This section bars the discharge of any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial

---

[4] *In re Carmichael,* Case No. 21-30024-KKS (dismissed on the Chapter 13 Trustee's motion, which Debtor did not oppose, for failure to provide a copy of the 2020 income tax return (or related documents) and income tax refund to the Chapter 13 Trustee. ECF No. 64; ECF No. 75.)

3

condition . . . ."[5] Courts generally interpret this section "'to require the traditional elements of common law fraud.'"[6] This includes proof that "[t]he debtor made a false representation of a past or current material fact [w]ith the intent to deceive the creditor[;]" a plaintiff (here Flip Pro FL) must also prove justifiable reliance, and proximate cause.[7] "Intent is a subjective issue and a review of the totality of the circumstances is relevant in determining a debtor's intent."[8]

### b. Bankruptcy Code § 523(a)(4)

This section bars the discharge of a debt "for fraud or defalcation while acting in a fiduciary capacity . . . ."[9] Flip Pro FL must show that "the [d]ebtor was acting in a fiduciary capacity and the debt arose from fraud or defalcation committed by the [d]ebtor while in such capacity."[10] For a fiduciary capacity to exist under this section:

> First, the relationship must have (1) a trustee, who holds (2) an identifiable trust res, for the benefit of (3) an identifiable beneficiary or beneficiaries. Second, the relationship must define sufficient trust-like duties imposed on the trustee with respect to the trust res and beneficiaries to create a 'technical' trust, with the strongest indicia of a technical trust being the

---

[5] 11 U.S.C. § 523(a)(2)(A).
[6] *See In re Allegro Law LLC*, 545 B.R. 675, 720 (Bankr. M.D. Ala. 2016) (citation omitted); *see also In re Harris*, 3 F.4th at 1344.
[7] *See In re Allegro Law*, 545 B.R. at 721; *see also In re Harris*, 3 F.4th at 1344.
[8] *In re Lorenzo*, 434 B.R. 695, 708 (Bankr. M.D. Fla. 2010).
[9] 11 U.S.C. § 523(a)(4).
[10] *See In re Kohr*, 399 B.R. at 286-87.

4

duty to segregate trust assets and the duty to refrain from using trust assets for a non-trust purpose. Third, the debtor must be acting in a fiduciary capacity before the act of fraud or defalcation creating the debt.[11]

"[D]efalcation is the failure to produce funds entrusted to a fiduciary."[12] "Acts constituting defalcation need not rise to the level of fraud, embezzlement, or misappropriation."[13] "Despite this low bar [for defalcation], the defendant's state of mind must encompass knowledge of or gross recklessness regarding the improper nature of the fiduciary behavior."[14]

### c. Bankruptcy Code § 523(a)(6)

This section bars the discharge of a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity . . . ."[15] For purposes of this claim, "'willfulness' requires a showing of an intentional or deliberate act, which is not done merely in reckless disregard of the rights of another."[16] "A debtor is responsible for a 'willful'

---

[11] *In re Forrest*, 47 F.4th 1229, 1234 (11th Cir. 2022). The court is skeptical of a fiduciary relationship involving the debtor based on the allegations of the adversary proceeding complaint, but will leave those factual determinations to the state court.
[12] *In re Cabot*, 644 B.R. 232, 238 (Bankr. S.D. Fla. 2022).
[13] *Id.*
[14] *Id.*
[15] 11 U.S.C. § 523(a)(6).
[16] *See In re Jennings*, 670 F.3d 1329, 1334 (11th Cir. 2012) (citation and quotation marks omitted).

5

injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury."[17] "Recklessly or negligently inflicted injuries are not" enough.[18] The "court may consider circumstantial evidence that tends to establish what the debtor may have actually known when taking the injury-producing action."[19]

"'Malicious' means wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will."[20] "'Constructive or implied malice can be found if the nature of the act itself implies a sufficient degree of malice.'"[21] Bankruptcy Code Section 523(a)(6) "also requires that the debtor's conduct injure another entity or its property."[22]

For the reasons stated, and in the interest of judicial economy, it is

ORDERED:

1. This Court lifts the automatic stay to allow Flip Pro FL to litigate to a final judgment, mediate, or settle, Civil Action No. 2019 CA

---

[17] *Id.* (citation, quotation marks, and brackets omitted).
[18] *See id.*
[19] *See In re Yeager*, 500 B.R. 547, 551 (Bankr. S.D. Ohio 2013) (citation and quotation marks omitted).
[20] *In re Jennings*, 670 F.3d at 1334 (citation and quotation marks omitted).
[21] *In re Monson*, 661 F. App'x 675, 683 (11th Cir. 2016) (citation omitted); *see also In re Kane*, 755 F.3d at 1294.
[22] *In re Smith*, 537 B.R. 1, 15 (Bankr. M.D. Ala. 2015).

001659 NC, in the Circuit Court of Sarasota County, Florida, against Debtor and all other remaining defendants.

2. In the event the litigation should result in a money judgment in favor of Flip Pro FL and against Debtor while this bankruptcy is pending collection of any money judgment must be through this Court unless ordered otherwise.

3. The stay remains in effect as to any money judgment collection against Debtor, her assets, and assets of the bankruptcy estate, without prejudice to Flip Pro FL seeking relief from stay as to collection of the judgment.

4. The 14-day stay of Bankruptcy Rule 4001(a)(3) shall not apply to delay finality of this Order. Counsel for Flip Pro FL shall promptly file a copy of this Order in the State Court Case and provide a separate copy to the state court judge's chambers.

5. In the related adversary proceeding, Flip Pro FL seeks to bar the discharge of its claim under Bankruptcy Code §§ 523(a)(2)(A), (a)(4),

and (a)(6).[23] Flip Pro FL must prove each element of its claims by a preponderance of the evidence.[24]

6. Within fourteen (14) days of completion of the State Court Action, whether by trial on the merits, mediation or settlement, counsel for Flip Pro FL shall file a copy of any final judgment or other dispositive document with this Court, in both this case and in the related adversary proceeding (Adv. No. 22-3016-HAC).

DONE and ORDERED on  December 7, 2022          .

*signature*

KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

cc: all parties in interest.

Counsel for Flip Pro FL, LLC is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of entry of the Order.

---

[23] 11 U.S.C. §§ 523(A)(2)(a), (A)(4), and (a)(6).
[24] *See, e.g.*, *In re Harris*, 3 F.4th 1339, 1344-45 (11th Cir. 2021); *In re Kane*, 755 F.3d 1285, 1293 (11th Cir. 2014); *In re Kohr*, 399 B.R. 284, 286-87 (Bankr. M.D. Fla. 2008).